## No. 6672.

### SAMUEL C. BAINES VS. R. L. ADAMS ET AL.

Drafts drawn by a planter against the proceeds of cotton in the hands of his factor, accepted by the latter and not paid by him at maturity, but taken up and paid by the drawer, do not constitute a fiduciary debt, excepted as such from a discharge in bankruptcy under the law of the United States.

Assuming that the original obligation of the factor was of a fiduciary character, about which there is a diversity of opinion, it is clear that it ceased to be so by the drawing and accepting of the drafts, which changed the nature of the debt and were payable to the holder.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers,* J.

---

*T. M. Gill,* for Plaintiff and Appellant.

It is the opinion entertained of the factor's personal skill and integrity that induces the principal to patronize him. Russell on Factors, §§ 36, 40 and 44.

The factor cannot induce a consignment and apply the proceeds to other than the purposes agreed to. 2 An., 26.

" The relation between factor and principal is not the ordinary relation of debtor and creditor. It is a relation of trust." 6 A., p. 46.

It is a relation essentially fiduciary in its character, and criminal penalties are affixed for its violation, and the factor is not released from the debt by a discharge in bankruptcy. Rev. Statutes, Sec. 905; 25 A., 187; 27 A., 257; 28 A., 870; 31 A., 809, 819.

*R. H. Marr,* for Defendant and Appellee.

First—The failure of a factor to pay the proceeds of sales to the owner of the property, does not create a fiduciary debt, within the meaning and intent of the Bankrupt Act.

Second—Where the factor accepts the time drafts of his principal, payable to the order of third persons, he ceases to be the debtor of the principal, and becomes the debtor of the holders of the drafts, for the amounts for which they are given.

Third—Where the principal, after the maturity of such drafts, and the failure of the factor to pay them, pays them himself, the factor, the acceptor, becomes his debtor for the amount; and this indebtedness is created by the failure of the acceptor to pay the drafts, and the subsequent payment of them by the principal, the drawer; and it is barred by the discharge in bankruptcy.

The opinion of the Court was delivered by

Todd, J. This suit was brought in November, 1874, against the late commercial firm of R. L. Adams & Co. after its dissolution. R. L. Adams was alone cited, and the controversy is between him and the plaintiff. The action is to recover of the defendant the balance of the net proceeds of cotton, alleged to have been sold by the defendant's firm and not paid over.

The defendant, among other defenses, pleaded his discharge in bankruptcy under the bankrupt act of 1867; and on this plea judgment was rendered in his favor, rejecting plaintiff's demand; from which judgment this appeal was taken.

The only question for solution by this Court is, whether the debt sued for is excepted from the operation of the discharge in bankruptcy; and this involves the construction of section 33 of the Bankrupt Act of 1867, which provides:

"No debt created by fraud or embezzlement of the bankrupt or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act."

The Bankrupt Act of 1841 contains a provision similar to the above. It excluded from the operation of the discharge "debts which have been created in consequence of a defalcation as a public officer, or as executor, administrator, or guardian or trustee, or while acting in any other fiduciary capacity."

U. S. Statutes at Large, vol. 8, p. 441.

These provisions of the two bankrupt acts have been the subject of several decisions of the Federal and State Courts, in which the question of their construction was directly adjudicated upon.

The leading case decided by the Supreme Court of the United States under the Act of 1841, was that of Chapman vs. Forsyth, 2 Howard, 202. It was held in that case, that a factor was not within the exception declared in the act, because the "'cases enumerated,' 'the defalcation of a public officer,' 'executor,' 'administrator,' 'guardian' or 'trustee,' are not cases of implied but special trusts, and the 'other fiduciary capacity' must mean the same class of trusts. The act speaks of technical trusts, and not those which the law implies from contracts."

This construction was adopted by this Court in case of the Bank of Manchester vs. Buckner, 2 A. 1023.

There has been no decision of the Supreme Court of the United States on the corresponding provision of the Act of 1867; the cases of Neal vs. Clark, 5 Otto, 704, and Wolf vs. Stix, 9 Otto, 7, referring alone to that part of the clause of the Act of 1867 which relates to "fraud," and deciding that constructive fraud is not within the meaning of the act.

The question has, however, come up before the United States Circuit Court, and several of the State courts.

In the case of "*In re* Kimball, 6 Black, 292, before the United States Circuit Court, sitting in New York, where a quantity of flour had been received on consignment and sold, and the proceeds not paid, Mr. Justice Nelson, as the organ of the Court, held: "That the debt was of a strictly fiduciary character, and the defendant was not entitled to his discharge." This case involved but a single transaction between the parties.

On the contrary, the United States Circuit Court, sitting at Charleston, Chief Justice Waite rendering the opinion, ruled that the debt due by a factor or commission merchant *was not* one of those exceptional debts from which the party was not discharged by his bankruptcy.

This has been followed by a decision of Mr. Justice Strong to the same effect. There has been, however, no decision of the Supreme Court of the United States on the subject, at least touching the construction of the Act of 1867 on this point.

We find the same contrariety of ruling, in this regard, in the State Courts as in the Federal Courts.

This Court in three cases, Banning vs. Bleakley & Co., 27 A. 257, Brown vs. Garrard & Craig, 28 A. 870, and Desobry vs. Tete, 31 A. 819, has declared, that under the facts disclosed in these cases, the debts were of a fiduciary character, and the debtors precluded from discharge under the bankrupt law.

In the case last cited, Desobry vs. Tete, Chief Justice Manning, the organ of the Court, while he fully maintained the rule that the relation between the factor and his principal, and the debt contracted strictly within that relation, was fiduciary, and debarred the debtor from a discharge, excepted from the operation of the rule a portion of the debt sued for in that case.

The suit in question was to recover a sum left with the factor to be invested for his principal, and for a balance of an account, which had been closed by a note. The debtor was refused a discharge for the former and adjudged to be entitled to it for the latter, on the ground that the settling of the balance by note had changed the fiduciary character of the debt; and *quoad* this debt established the relation of ordinary creditor and debtor between the parties.

There is a feature of the case now before us, which is analogous to this branch of the Desobry case, and which is relied on by the defendant as destroying the fiduciary character of the debt, and bringing it clearly within the general rule of the bankrupt act, entitling him to his discharge. It is this: On the 27th of March, 1873, the plaintiff drew upon the defendant, in favor of third persons, four time drafts, maturing

respectively on the 27th April, 1873, 29th April, 1873, and 4th January, 1874, aggregating the sum of $3479 07; and these drafts were accepted by the defendant's firm previous to the 15th of April, 1873, the date at which the account sued on in this case was rendered, and in which these acceptances are charged.

Under the well-settled analogy between bills of exchange and promissory notes, these acceptances were, in legal effect, the precise equivalents of notes drawn by Adams & Co. to the order of plaintiff, and by the latter indorsed and negotiated to third persons. The consideration was the balance due at the date of these bills, and credits accruing thereafter to plaintiff, to the amount of the bills. To this extent, the indebtedness of Adams & Co. after they had accepted the drafts, was not to the plaintiff but to the holders of the bills; and if at any time after the date of these acceptances, and before the maturity of the same, the plaintiff had demanded of R. L. Adams & Co. the payment of the amount of them, they could have legally refused to pay the same, because the amount had become due to other parties by the acts, and at the instance of the plaintiff. Assuming that the indebtedness before was of a fiduciary character, it was destroyed by the acceptances, under the express doctrine of the Desobry case, from the date of which, and to the amount thereof, and for the time being, other creditors became substituted, to whom the debt became due and payable. It is clear that these third persons, the holders of these acceptances, could assert no fiduciary right against Adams & Co.; nor do we know of any principle upon which the plaintiff, by taking up the drafts on which he was bound as drawer, could restore to life a fiduciary obligation once extinguished.

The slight excess of the indebtness of Adams & Co. to plaintiff over the amount of the acceptances has been more than extinguished by payments made on account; and the balance, embracing the claim in suit, is barred by the discharge in bankruptcy.

The judgment appealed from is, therefore, affirmed with costs.